IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| REID JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-0049-J |
| | § | |
| KAPOK MANAGEMENT, LP, KAPOK, | § | |
| INC., PETER FAGAN, JAMES | § | |
| FERGUSON, JONATHAN DAVID | § | |
| JACKSON, EMERSON RICKSTREW, | § | |
| FERGUSON, JACKSON & RICKSTREW, | § | |
| LLP, HORNE CPA GROUP, PA, | § | |
| J. DAVID JACKSON, LC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION

Plaintiff Reid Johnson alleges claims arising out of transactions arranged by Defendants and represented to take advantage of tax programs available to residents of the United States Virgin Islands. Defendant Horne LLP, formerly Horne CPA Group, ("Horne")[1] brought a *Motion to Transfer Venue* under 28 U.S.C. 1404(a), arguing for transfer of the case to the District of the United States Virgin Islands. The Court concludes that transfer to the Virgin Islands would be improper, because Horne has not met its prima facie burden to show that the Virgin Islands Court could

---

[1] On August 12, 2005, the Defendant Horne brought a *Motion to Transfer Venue* under 28 U.S.C. § 1404(a), arguing that for the convenience of the parties and witnesses and the interest of justice, the case should be transferred to the District of the Virgin Islands. On August 16, 2005, the other defendants Kapok Management, LP, Kapok, Inc., Peter G. Fagan, James Ferguson, Jonathan David Jackson, Ferguson, Jackson & Rickstrew, LLP and J. David Jackson, LC (collectively the "Kapok Defendants") filed their own *Motion to Transfer Venue*, also under 28 U.S.C. § 1404(a). After the court in the Dallas Division transferred the case to the Amarillo Division of the Northern District of Texas, the Kapok Defendants filed a document stating that they no longer opposed venue. Horne's motion is still before the Court.

exercise jurisdiction over all the parties in this case.

## PARTIES

Plaintiff Reid Johnson is a businessman who operates several different companies in the United States. At the time of the commencement of this action, Johnson resided in Arizona.

Kapok, Inc. is a corporation formed under the laws of the United States Virgin Islands. At the commencement of this action, it had its principal place of business in Kingshill, USVI. Kapok, Inc. is the general partner of Kapok Management, LP.

Kapok Management, LP ("Kapok") is a limited partnership formed under the laws of the Virgin Islands. At the commencement of this action, some or all of the limited partners of Kapok were citizens of the Virgin Islands. After this action was commenced, Kapok ceased doing business in the Virgin Islands. While several of the parties have not changed residences, some of those involved with Kapok have since left the Virgin Islands.

Defendant James Ferguson is a certified public accountant licenced to practice in Texas, who owns property in Texas, and is a partner in Ferguson, Jackson & Rickstrew, LLP ("FJR"). At the commencement of this action, he resided in the Virgin Islands. Defendant James Ferguson has moved to Plano, Texas. He still operates an office in Amarillo, Texas.

Peter Fagan is a physician who is licenced to practice in Texas, and who owns property in Texas. At the commencement of this action, he resided in the Virgin Islands. Defendant Fagan has moved to De Leon, Texas.

Jonathan David Jackson is a certified public accountant who is licensed to practice in Texas, owns property in Texas, and is a partner in FJR. At the commencement of this lawsuit, Jackson resided in the Virgin Islands. J. David Jackson, LC is a Texas entity that provides

accounting services in Texas. Its principal place of business is Amarillo, Texas.

Emerson Rickstrew is a citizen of Texas. He is a certified public accountant licensed to practice in Texas, owns property in Texas, operates an office in Texas, and is a partner in FJR. Defendant Emerson Rickstrew is currently in the process of moving to Keller, Texas, and operates an office in Amarillo, Texas.

Defendant FJR[2] is a limited liability partnership formed under the laws of Texas that provides public accounting services in Texas, and its partners are citizens of either the Virgin Islands or Texas.

Horne CPA Group, PA was a limited liability professional corporation formed under the laws of Mississippi. Horne is now known as Horne, LLP, and is chartered in Delaware. Its principal place of business is Jackson, Mississippi. Its limited partners all live in either Mississippi or Tennessee.

## **BACKGROUND**

The United States Virgin Islands is a territory of the United States, and as a consequence, operates under the United States tax system. In an effort to encourage the development of the economically depressed Virgin Islands, Congress permitted the Virgin Islands to offer an exemption of up to 90 percent of income to taxpayers who were Virgin Islands residents and had income "effectively connected to a trade or business" in the Virgin Islands. *See* 26 U.S.C. § 934 (2006). The Virgin Islands created the USVI Economic Development Commission ("EDC") to oversee the administration of the program. The EDC developed a certification process whereby corporations

---

[2] The Kapok Defendants and individual defendant Rickstrew admitted in their original answers that FJR is a Texas entity that provides accounting services. However, in response to the Court's order requesting an update on the residences of all interested parties, the Kapok Defendants and Rickstrew denied the existence of FJR. In addition, Jonathan David Jackson denies the existence of FJR in his affidavit.

could qualify for the credits. Soon after, the EDC began to solicit businesses to take part in the program.

## Kapok and Associated Enterprises

Plaintiff Johnson alleges that he was approached by Defendant Ferguson to join an entity Ferguson had developed with the help of his partners Jackson and Fagan, called Kapok Management, LP, that would enable business owners like Johnson to take advantage of the Virgin Islands tax incentive.

Plaintiff alleges that Kapok had been chartered as a Virgin Islands Limited Partnership and had received certification from the EDC to be eligible for the Virgin Islands tax incentives. Persons who invested in Kapok as limited partners would sign an Investment Agreement, whereby they would agree to move to the Virgin Islands and become employees of Kapok. They would also sign a Management Agreement, through which the limited partners would hire Kapok to provide management services for their mainland businesses. As employees, limited partners would perform management services for their own companies on behalf of Kapok. Limited partners would then receive salary and limited partnership dividends from Kapok which were represented to entitle them to the 90 percent of income tax exemption.

Johnson agreed to become a limited partner in Kapok. He took up residence in the United States Virgin Islands and signed the necessary agreements with Kapok. Johnson, along with other limited partners, jointly retained Defendant Horne, an accounting firm, to conduct a Management Fee Study in order to calculate and pay the management fees that would be owed to Kapok. Johnson then began paying management fees from his various businesses to Kapok, which he took as deductible business expenses from his corporate earnings. These management fees, minus a fee that

the entity charged, were returned to Johnson as dividends and income that were represented to be eligible for the 90 percent of income tax exemption.

Johnson alleges that in 2002, one of his businesses, Rigel, Inc., was left with significant tax liability and too few assets to pay all of the taxes owing. Johnson alleges that he approached Defendants Ferguson and Jackson. According to Johnson, they informed him that through a complex scheme involving United States and Virgin Islands corporations separate from the Kapok enterprise, he could defer income tax owing until the next taxable year and then use the meager earnings of these two mainland enterprises to reduce the taxable income of Rigel to zero. Johnson alleges that Ferguson and Jackson assured him that this would be entirely legal. Johnson then followed their instructions.

On May 20, 2004, the IRS executed search warrants and conducted raids and searches of the offices of Kapok, as part of a comprehensive investigation of entities certified by the EDC. Several Kapok partners, limited partners, as well as Defendants Ferguson, Fagan, Jackson, Kapok and Horne, all became targets of this investigation. The government seized a number of Kapok records. One former limited partner has pled guilty to tax evasion. Johnson alleges that he never took any of the tax credits or deductions he would have been entitled to under the Kapok scheme.

Johnson brought suit in the United States District Court for the Northern District of Texas, Dallas Division, asserting diversity jurisdiction. He sued the Kapok entities, Ferguson, Fagan, Jackson and FJR for fraud, alleging that they had represented Kapok and its associated tax deferral schemes to be legal. He also brought claims for professional negligence against Horne alleging breach of its duties in the performance of their professional obligations to Johnson. He also brought a claim for breach of fiduciary duty against the Kapok enterprises, Ferguson, Horne, Fagan,

Rickstrew and Jackson, and alleged a civil conspiracy among all of the defendants to defraud Johnson for their personal gain.

In addition to requesting advice from Defendants Jackson and Rickstrew about Kapok and its associated tax benefits, Johnson also had them prepare his personal state and federal income tax returns for 2001. He claims that these returns were prepared late, only days before the deadline, and contained errors. Johnson alleged that as a result he was forced to file more than six months after the deadline. Johnson asserts a claim against Jackson, J. David Jackson, LC, Rickstrew and FJR for professional negligence.

Defendant Horne moved to transfer this case under 28 U.S.C. § 1404(a) to the St. Croix Division of the Virgin Islands for the convenience of the parties and witnesses as well as the interests of justice. It claims that transfer is appropriate because the vast majority of the witnesses and documents would be in the Virgin Islands. After the initial transfer motion was filed, the case was transferred to the Amarillo Division of the Northern District of Texas. After this transfer, the parties reported that Kapok had ceased to do business in the Virgin Islands, and several of the principal investors had moved back to Amarillo, Texas. Johnson argues that these events preclude the Virgin Islands as an appropriate venue for this case.

## **ANALYSIS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). A civil action might have been brought in the proposed transferee district if the plaintiff had a right, upon commencing the action, to sue there independently of the defendant's wishes. *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 851 (N.D.

Tex. 2005). The moving party has the burden to prove that the Court could transfer the action under § 1404(a). *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1996).

## Jurisdiction of the Virgin Islands Court

The Virgin Islands has enacted a long-arm statute that sets limits on the circumstances under which foreign persons may be hailed into its courts. The statute permits a Virgin Islands court to exercise personal jurisdiction over a person:

> who acts directly or by an agent, as to a claim for relief arising from the person's:
> 
> (1)   transacting any business in this territory;
> 
> (2)   contract to supply services or things in this territory;
> 
> (3)   causing tortious injury by act or omission in this territory; [or]
> 
> (4)   causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory . . . .
> 
> V.I. Code Ann. tit. 5, § 4903(a) (2005).

The Virgin Islands long-arm statute also has a provision that permits a court to exercise personal jurisdiction over a person "domiciled in, organized under the laws of, or maintaining his or its principal place of business in this territory" for any claim of relief. *Id.* § 4902.

Authorities conflict over whether the Virgin Islands' long-arm statute reaches the limits of due process. Some courts, including the Third Circuit Court of Appeals, have held that the long-arm statute does not reach the limits of due process. *See Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1059 (3d Cir. 1981); *Dennie v. Univ. of Pittsburg*, 589 F. Supp. 348, 353 (D.V.I. 1984); *In re Tutu*

*Wells Contamination Litig.*, 846 F. Supp. 1243, 1264-65 (D.V.I. 1993).  Other courts have held that the long-arm statute extends service of process to the extent that the due-process clause permits.  *In re Manbodh Asbestos Litig. Series*, No. Civ. 324/1997, 2005 WL 3487851, at *4 (V.I. Super. Nov. 30, 2005) (citing *Godfrey v. Int'l Moving Consultants, Inc.*, 18 V.I. 60, 66 (D.V.I. 1980)).

Due process demands two things.  *Coldwell Realty Inv. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1333 (5th Cir. 1986).  First, having the nonresident defend suit in the forum must be fair.  *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114-16 (1987).  Second, the nonresident defendant must have purposefully established minimum contacts with the forum so that that suing him there accords with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  If an agent has contacts with the forum, then a court may attribute them to the principal.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 n.22 (1985); *Prod. Promotions, Inc. v. Cousteau*, 495 F.2d 483, 492 (5th Cir. 1974).  The connection with the forum must be such that the defendant should have reasonably anticipated being sued there.  *Burger King Corp.*, 471 U.S. 462, 474 (1985).  He should have reasonably anticipated being sued there if he has purposefully availed himself of the privilege of conducting activities there and, consequently, has invoked the benefits and protections of the forum's laws.  *Id*. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Consistent with these demands, a forum may assert two types of personal jurisdiction over a nonresident defendant: general jurisdiction or specific jurisdiction.  *Burger King Corp.*, 471 U.S. at 473 n.15.  A court asserts general jurisdiction when the defendant has continuous and systematic contacts with the forum, and the suit does not arise from his contacts there. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984).  A court asserts specific jurisdiction when

the defendant has sporadic contact with the forum, and the suit arises from that contact. *Id*. at 414 n.8.

The party seeking transfer bears the burden of demonstrating that all parties would be subject to the personal jurisdiction of the transferee court in order to effect transfer. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

Johnson argues that he could not have brought this action in the Virgin Islands because, at the outset of this litigation, Horne, FJR and J. David Jackson, LC did not have the requisite contacts in the Virgin Islands. Defendant argues that the Virgin Islands Court has personal jurisdiction over these defendants because each had minimum contacts with the Virgin Islands.

It is therefore Defendant Horne's burden in this case to make a prima facie showing that the Virgin Islands court could have exercised personal jurisdiction over all the Defendants. *Guidry v. U.S. Tobacco Co., Inc*., 188 F.3d 619, 625(5th Cir. 1999) (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)).

The Court has accepted as true the facts as alleged in the pleadings and shown by the appendix, including the affidavit of J. David Jackson tendered by Defendants, and concluded that Plaintiffs have not made a prima facie showing that Horne could have been sued in the Virgin Islands independently of Defendant Horne's wishes. There is no allegation that Horne is domiciled and organized under the laws or maintains a principal place of business anywhere but in Mississippi, and Horne's alleged contacts with Kapok were not anything more than limited and sporadic. The Virgin Islands court did not have general jurisdiction of Horne under section 4902 under the Virgin Islands long-arm statute and general jurisdiction would not be consistent with due process. The affidavit of J. David Jackson makes the following statement concerning Horne's activities:

> Horne, LLP sent representatives to Kapok's main office in the Virgin Islands prior to signing the Letter of Intent to provide services to Kapok limited partners. In addition, Horne, LLP representatives made presentations to Kapok limited partners at partners meetings held in the Virgin Islands during 2002 and 2003. Further, substantial correspondence and communications took place between Kapok and Horne, LLP.

The affidavit does not state that Johnson's claims arose out of Horne's limited contacts in the Virgin Islands. It does not show that Johnson is included in the limited partners to whom Horne made presentations. It does not show that those presentations were related to services for which Horne was retained or even that those presentations led to the joint retention of Horne by the limited partners. In fact, the Jackson affidavit does not include any facts that connect Horne to the Virgin Islands and which deal with Johnson's cause of action. Horne fails to make a prima facie showing that the cause of action in this case "arose out of" the contacts that Defendant Horne had with the Virgin Islands.

The Court concludes that this suit could not have been brought against Horne in the Virgin Islands independently of his wishes and that, therefore, a motion to transfer venue to the Virgin Islands under 28 U.S.C. § 1404(a) is not proper.

### Transfer for the Convenience of Parties.

If the Court determines the transferee district is one in which the case might have been brought, the Court then considers whether the interest of justice would be better served by transfer to a different forum. *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 851 (N.D. Tex. 2005). The Court considers the following factors: (1) the convenience of the parties, (2) the convenience of material witnesses, (3) the availability of process to compel the presence of unwilling witnesses, (4) the cost of obtaining the presence of witnesses, (5) the relative ease of access to sources of proof, (6) calendar congestion, (7) where the events in issue took place, and

(8) the interests of justice in general. *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02-CV-2538-G, 2003 WL 21251684, at *2 (N.D. Tex. May 23, 2003); *see also Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).

After considering those factors, the Court concludes that even if the Virgin Islands district was one in which the case might have been brought, the case should not be transferred to the Virgin Islands. Since this case was filed, Kapok has ceased to do business in the Virgin Islands. Defendant Ferguson has moved to Texas, and he operates an office in Amarillo, Texas. Defendant Fagan has moved to Texas. J. David Jackson, LC is a Texas entity whose principal place of business is Amarillo, Texas. Emerson Rickstrew operates an office in Amarillo, Texas. Defendant JFR provides public accounting services in Texas. Horne's principal place of business is Jackson, Mississippi.

## CONCLUSION

The motion to transfer venue to the United States Virgin Islands is DENIED.

It is SO ORDERED.

Signed this  6th  day of October, 2006.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT  JUDGE**